UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                          Case No. 23-cr-20172
                                                   Hon. Matthew F. Leitman

vs.

TERRELL HEARD,

        Defendant.

## PRELIMINARY ORDER OF FORFEITURE

Based upon the Information, the defendant's guilty plea, the government's Application for Entry of Preliminary Order of Forfeiture, and other information contained in the record, and pursuant to 18 U.S.C. § 981(a)(1)(C) along with 28 U.S.C § 2461, and Rule 32.2, **IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT**:

1. The following property ("Subject Property") **IS HEREBY FORFEITED** to the United States under 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C § 2461:

    - One white metal watch with clear colored stones and "Rolex" writing in Red lacquered box;
    - Male sunglasses, Cartier, in red Cartier box; and
    - Male sunglasses, Cartier, in black Cartier box,

for disposition according to law, and any right, title or interest of defendant, and any right, title or interest that his heirs, successors, or assigns have, or may have, in the Subject Property is **HEREBY AND FOREVER EXTINGUISHED**.

2.  The Subject Property has a sufficient nexus to the offense of conviction and is subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C) together with 28 U.S.C § 2461.

3.  A forfeiture money judgment in the amount of Two Hundred Ninety-Seven Thousand One Hundred Sixty Dollars ($297,160.00) is **GRANTED** and **ENTERED** against the defendant in favor of the United States of America. The amount represents proceeds obtained as a result of the defendant's violations.

4.  Pursuant to Fed. R. Crim. P. 32.2(b)(4)(A) and (B), this Order shall become final as to the defendant upon entry and the forfeiture shall be made part of the defendant's sentence and included in his Judgment.

5.  The forfeiture money judgment shall be reduced by the net amount of proceeds ultimately forfeited to the United States.

6.  The forfeiture provisions of this order are intended to, and will, survive the defendant, notwithstanding the abatement of any underlying criminal conviction after the entry of this order. The forfeitability of any particular property pursuant to this order shall be determined as if the defendant had survived, and that determination shall be binding upon the defendant's heirs, successors, and assigns

until the agreed forfeiture, including the money judgment amount, is collected in full.

7.  The United States may conduct discovery in accordance with the Federal Rules of Civil Procedure in order to collect on and enforce the money judgment.

8.  Upon entry of this Order, the United States, its designee, the U.S. Secret Service ("USSS"), and/or the United States Marshals Service are authorized, pursuant to Fed. R. Crim. P. 32.2(b)(2) and (3), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of any property seized, and the United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

9.  Pursuant to 21 U.S.C. § 853(n), Fed. R. Crim. P. 32.2, and other applicable rules, the United States shall publish notice of this Preliminary Order of Forfeiture and of its intent to dispose of the Subject Property on www.forfeiture.gov, for at least thirty consecutive days. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the Subject Property. The aforementioned notice shall direct that any person, other than the defendant, asserting a legal interest in the Subject Property must file a petition with the Court within thirty (30)

days of the final date of publication of notice or within thirty (30) days of receipt of actual notice, whichever is earlier. The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the Subject Property. Any petition filed by a third-party asserting an interest in the Subject Property must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the Subject Property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the Subject Property, any additional facts supporting the petitioner's claim, and the relief sought.

10. After the disposition of any motion filed under Fed. R. Crim. P. 32.2(c)(1)(A) and before a hearing on any ancillary petition, the United States may conduct discovery in accordance with the Federal Rules of Civil Procedure upon a showing that such discovery is necessary or desirable to resolve factual issues in the ancillary proceeding.

11. If no third-party files a timely petition before the expiration of the period provided in 21 U.S.C. § 853(n)(2), then this Preliminary Order of Forfeiture shall become the Final Order of Forfeiture and the United States shall have clear title to the Subject Property as provided in 21 U.S.C. § 853(n)(7) and Fed. R. Crim.

P. 32.2(c)(2); further, the United States shall be authorized to dispose of the Subject Property as prescribed by law.

12. If a third-party files a timely petition for ancillary hearing regarding the Subject Property, the Court shall enter a final order of forfeiture by amending this Preliminary Order of Forfeiture as necessary to account for any third-party rights as provided under Fed. R. Crim. P. 32.2(c)(2).

13. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Federal Rule of Criminal Procedure 32.2(e).

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: August 21, 2023

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 21, 2023, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126